HAROLD LEHFELDT, ALSO KNOWN AS H. LEHFELDT, PLAINTIFF AND APPELLANT, v. DOCELLA C. ADAMS AND C. M. HALL, DEFENDANTS AND RESPONDENTS. C. M. HALL, CROSS-COMPLAINANT AND RESPONDENT, v. HAROLD LEH-FELDT, ALSO KNOWN AS H. LEHFELDT, AND COUNTY OF GOLDEN VALLEY, MONTANA, A BODY CORPORATE AND POLITIC OF THE STATE OF MONTANA, CROSS-DEFENDENTS AND APPELLANTS.

No. 9311.
Submitted April 9, 1956. Decided November 21, 1956.
303 Pac. (2d) 934.

396

Mr. Ralph J. Anderson, Helena, Mr. Nat A. Allen, Ryegate, for appellant.

Messrs. Coleman, Jameson & Lamey, Mr. Norman E. Hanson and Mr. Cale Crowley, Billings, for respondent.

Mr. Anderson and Mr. Hanson argued orally.

MR. JUSTICE ANGSTMAN:

This action is one to quiet title to certain described land in Golden Valley County alleged to belong to plaintiff.

Defendant C. M. Hall filed answer in which he admits plaintiff's ownership of the land but stated such ownership is subject to a right and privilege of defendant Hall to the use of such surface ground as may be necessary for exploring for and mining and extracting and carrying away all minerals under part of the land specifically described, and that he is the owner of all minerals in and under such lands. He also pleaded by way of affirmative defense that tax title proceedings had been taken by Golden Valley County against the interest which he claims but that such proceedings and the resulting tax deeds were and are void and invalid. He sought decree quieting title to the minerals and the right to use the surface in himself.

The answer of defendant Docella C. Adams is to the same effect as that of C. M. Hall except that she claims only a royalty of two and one-half per cent of all oil and gas produced and saved from the land.

The reply to the answer of defendant Hall denies the invalidity of the tax deed proceedings and affirmatively pleads that defendant Hall is barred from asserting interest in the property because of R.C.M. 1947, sections 93-2504, 93-2505, chapter 100, Laws of 1943 and section 1, chapter 85, Laws of 1927, and that he does not come into court with clean hands since he failed to tender or offer to pay taxes past due and owing on his claimed mineral right and right of entry. The reply to the answer of Docella C. Adams was of like effect.

The answer of cross-defendant Golden Valley County raises the same issues as do the replies to the answers of Hall and Adams.

The court found for defendants, C. M. Hall and Docella C. Adams, as to the mineral interest and the right to the use of the surface for mining purposes excepting coal and iron, and found that plaintiff is the owner and entitled to the possession of the land subject to such mineral rights of defendants, Hall and Adams. Judgment was entered accordingly. This appeal by plaintiff is from that part of the judgment which favored the defendants, Hall and Adams.

Plaintiff contends that he is entitled to the mineral rights in the land by reason of quitclaim deeds from the County of Golden Valley, it being the grantee named in the tax deeds in the tax title proceedings. It therefore becomes necessary to consider the question of the validity and effect of the proceedings rsulting in the tax titles. There is no substantial conflict in the evidence on the issues determinative of the case.

The record discloses that the Three Forks Land Company owned all the land in question here in 1912. In that year part of it was conveyed to J. W. Puckett with a reservation of ''all minerals of any nature whatsoever upon, in and under all said lands, and also the use of such of the surface ground as might be necessary for exploring for and mining or otherwise extracting and conveying away the same.''

In 1914 the same company conveyed a part of the land

to E. P. Reagen and the balance to Robert Weidenbach, each conveyance containing the same reservation.

The mineral interests thus reserved were later sold to Docella Adams. Still later she sold those rights to C. M. Hall reserving to herself a two and-one half per cent royalty in and to the oil and gas. The surface ground has at all times had an independent value and has been used for purposes other than mining and has been assessed for other than mining purposes. There never has been any prospecting for minerals on the land except that plaintiff has produced some coal therefrom.

The mineral rights were atempted to be separately assessed. The notices of application for tax deed are entitled "Notic of Application For Tax Deed on Mineral Reserves". Each notice recites in several instances that the taxes levied and assessed are against "the mineral rights under the said lands".

The afidavit of mailing characterizes the property in the same way, viz., "mineral rights under" the described land. The tax deeds likewise recite that the taxes were levied against "mineral rights under said property". Appellant concedes that the minerals under the land cannot be taxed. However the reservation, i. e., the right to enter upon the lands to explore for minerals and to extract the same where found, is subject to taxation. Hinz v. Musselshell County, 82 Mont. 502, 267 Pac. 1113; Anaconda Copper Mining Co. v. Ravalli County, 52 Mont. 422, 158 Pac. 682.

Here the notice of application for tax deeds, the tax deeds themselves, and the other proceedings show that the assessment was against the "mineral rights under the land". The assessment was not upon the right of entry but was in legal effect a tax upon the minerals or mineral rights under the land which are not subject to taxation. Mont. Const. Art. XII, section 3 and Hinz v. Musselshell County, supra. The court expressly found that Golden Valley County never at any time assessed or taxed the right of defendants, Hall and Adams, to use the surface of the land for exploring for and mining or

extracting the minerals, and such finding is supported by the record.

The assessment upon the minerals in place was void and no ▉ valid tax title passed as to the minerals. Since the right to use the surface for mining purposes was not taxed, no valid tax title could issue divesting the owner of that right.

Plaintiff, in reliance upon the presumption that official duty has been regularly performed, R.C.M. 1947, section 93-1301-7, subdivision 15, contends that it will be presumed that the owner of the mineral reservation furnished the assessor with a statement of the reserved right of entry to the surface for mining purposes and that it was that right which was actually taxed and not the minerals in place. The presumption, if it can be said to have application, was completely overcome by the evidence to the contrary, or at least the court was warranted in so finding. Nor is this result changed by the circumstance that the assessment was not excessive when considered as an assessment of the right of entry.

The fact is that the right of entry was not assessed either separately or in conjunction with the mineral rights under the ground. All that was assessed were the mineral rights under the ground and hence the rule stated in 51 Am. Jur., Taxation, section 498, page 505, and relied on by plaintiff to the effect that where property, some of which is taxable and the other exempt, is taxed as a whole the assessment will be sustained if it is not in excess of the value of the taxable part, has no application.

Plaintiff contends that defendants, Hall and Adams, are ▉ precluded from questioning the tax deeds because of section 1 of chapter 85, Laws of 1927, which fixed a short statute of limitation of one year. It expressly exempts from its provisions cases where the tax deed is void because no taxes were delinquent on the land. Here, as above noted, what was attempted to be taxed were the mineral rights under the land, which could not be taxed. There were in fact no taxes delinquent on the right of entry for mineral purposes, and hence

section 1 of chapter 85, Laws of 1927, makes an exception which covers this case.

Plaintiff also relies on R.C.M. 1947, sections 93-2504 and ■ 93-2505, as barring the claims of Hall and Adams. Such sections provide:

"93-2504. No action for the recovery of real property, or for the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question within ten years before the commencement of the action. No action for the recovery of dower can be maintained by a widow unless the action is commenced within ten years after the death of her husband."

"93-2505. No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual, unless it appear that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted or the defense is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within ten years before the commencement of the act in respct to which such action is proscuted or defense made."

It was stiplated in the case that the only use of the surface of the lands here involved was for purposes other than mining and that no use was ever made for mining purposes. Hence plaintiffs have had no possession of the mineral rights. On the other hand, Hall and Adams have been the owners of the legal title and under R.C.M. 1947, section 93-2507, are presumed to have been possessed thereof. Plaintiff's claim, under R.C.M. 1947, sections 93-2504 and 93-2505, is without merit. In order for plaintiff to acquire any right by adverse possession, it was incumbent upon him to show possession of the mine independently of the possession of the surface of the land for grazing or other purposes. In order to prevail upon that theory plaintiff must show actual possession of the mineral interest by openly operating the mine. 1 Thompson on Real

Property, Mines & Minerals, section 92, page 116 (perm. ed.).

Plaintiff also relies on chapter 100, Laws of 1943, a two year statute of limitation, but that statute like chapter 85, Laws of 1927, makes an exception where the tax deed is void because no taxes were delinquent on the lands. This case is ruled by the exception stated in the statute. It is therefore unnecessary to reconsider the question of th constitutionality of that statute or to consider the question whether Lowery v. Garfield County, 122 Mont. 571, 208 Pac. (2d) 478, should be overruled.

Plaintiff contends that defendant Hall did not make a valid offer to do equity within the rule stated in Larson v. Peppard, 38 Mont. 128, 99 Pac. 136 and Perham v. Putnam, 82 Mont. 349, 267 Pac. 305. Defendant Hall pleaded that if ''any taxes were legally levied and assessed upon the minerals in and under the said lands or upon aforesaid use of such surface ground as necessary for exploring for and extracting such minerals'' he offered to pay the same. His testimony was to the same effect. Plaintiff contends that the offer was made dependent upon the regularity of the assessment and that such an offer is insufficient. Plaintiff overlooks the fact that defendant Hall is not questioning merely the regularity of the assessment. He contends that there was no attempt whatsoever to tax the right of entry. As to the right of entry the assessment was void, not merely voidable for irregularity. As to the minerals in place, they concededly are not taxable at all. The proceedings as to the minerals under the ground were absolutely void. The offer to do equity under the circumstances here was sufficient. A tender or offer to pay whatever tax may be owing on the right of entry for mining purposes would have been of no avail because the court could not fix the amount without resolving itself into an assessing board which it will not do. State ex rel. Goza v. District Court, 125 Mont. 296, 234 Pac. (2d) 463, and cases therein cited.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANDERSON and BOTTOMLY, concur.

MR. JUSTICE DAVIS, not participating.