No. 88-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

WILLIAM R. GETTER, Trustee for
GETTER TRUCKING, INC., PROFIT
SHARING PLAN,

Plaintiff and Respondent,

-vs-

MARTIN J. BECKMAN and EARLENE H. BECKMAN,
et al.

Defendants and Appellants.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Martin J. Beckman and Earlene H. Beckman, pro se,
Billings, Montana

For Respondent:

Mark S. Werner; McNamer & Thompson, Billings, Montana

Submitted on Briefs: Jan. 5, 1989

Decided: March 7, 1989

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


The defendants, Martin J. Beckman and Earlene H. Beckman, appeal the decision by the District Court of the Thirteenth Judicial District, Yellowstone County, granting the plaintiff's motion for partial summary judgment to quiet title to the property which is the subject matter of this case and to eject the defendants from the property. We affirm the District Court.

The following substantive issues are raised on appeal.

1. Whether the District Court erred in granting plaintiff's motion for partial summary judgment to quiet title to the property which is the subject matter of this case and to eject the defendants from the property.

2. Whether the defendants had a right to a jury trial in a quiet title action.

On March 29, 1979, after following statutory procedures, the United States Internal Revenue Service (IRS) seized Martin and Earlene Beckman's property to satisfy the Beckmans' unpaid federal income taxes. Notices of a sealed bid sale of the property was issued on April 26, 1979. Upon opening the sealed bids on June 20, 1979, the IRS sold the property to Getter, the high bidder. After passage of the 120-day redemption period, a deed for the property was issued by the IRS to Getter. The deed was recorded on November 21, 1979.

Beginning in 1977, the Beckmans filed a number of federal lawsuits, alleging that their tax was improperly assessed, the Sixteenth Amendment of the United States Constitution was invalid, and that their property was wrongfully seized. In each case, the United States District

Court for the District of Montana dismissed the case in part because it lacked subject matter jurisdiction. The Ninth Circuit for the United States Court of Appeals affirmed each of the District Court's rulings. In August, 1985, after the United States District Court granted Getter's motion to quash the lis pendens filed by the Beckmans, Getter filed a motion for partial summary judgment against Beckmans in the District Court of the Thirteenth Judicial District to quiet title to the disputed property and for other additional relief.

On January 7, 1987, the District Court granted Getter's motion for partial summary judgment. More specifically, the court quieted title to the property in Getter in fee simple absolute; permanently enjoined the Beckmans from asserting any claim adverse to Getter's ownership; declared that Getter is entitled to possession of the property and ejected the Beckmans; and ordered all lis pendens and other claims to title to the property filed or recorded in Yellowstone County by the Beckmans to be expunged from the files and records. The Beckmans appeal this order, raising the following substantive issues on appeal.

The first issue raised on appeal is whether the District Court erred in granting plaintiff's motion for partial summary judgment to quiet title to the property which is the subject matter of this case and to eject the defendants from the property.

The party presenting the motion for summary judgment, Getter, has the initial burden of showing the lack of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Gamble Robinson Co. v. Carousel Properties (1984), 212 Mont. 305, 312, 688 P.2d 283, 287. The District Court determined that Getter met this burden, therefore the burden shifted to the party opposing the motion, the Beckmans, to show that a genuine issue of fact

does exist. <u>Gamble Robinson Co.</u>, 212 Mont. at 312, 688 P.2d at 287. The District Court found that the Beckmans failed in meeting their burden and therefore granted Getter's motion for partial summary judgment regarding the property in question. We affirm the District Court.

In defending against Getter's quiet title action, the Beckmans argue that the IRS used powers not enumerated in the United States Constitution and that the IRS's procedures are invalid because the IRS code is based upon the Sixteenth Amendment to the United States Constitution which was fraudulently verified. The Beckmans asserted this same or similar argument in a series of actions they filed between 1977 and 1982 before the United States District Court and the Ninth Circuit. Each time the United States District Court dismissed the Beckmans' claims in part for lack of subject matter jurisdiction and each time the Ninth Circuit affirmed the dismissal. In these actions, the courts held that the Beckmans' complaint is a claim for a tax refund and that under 26 U.S.C. § 7422(a) (1982) they lack jurisdiction over the matter until the Beckmans first exhaust their administrative remedies. <u>See</u>, <u>e.g.</u>, Beckman v. I.R.S., 48 A.F.T.R.2d (P-H) ¶ 81-5138 (1981), <u>aff'd</u>, No. 81-3468 (9th Cir. July 13, 1982); Beckman v. Getter Trucking, Inc., No. 82-263 (D. Mont. Feb. 15, 1984), <u>aff'd</u>, No. 84-3701 (9th Cir. Dec. 26, 1984).

This federal statute, 26 U.S.C. § 7422(a), upon which the federal courts relied upon provides that

> No suit or proceeding shall be maintained in <u>any</u> court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary,

- 4 -

according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof (emphasis added).

Like the federal courts, Montana courts also do not have jurisdiction to determine whether the Beckmans were entitled to a refund and therefore whether their property was improperly seized to pay for the delinquent taxes in light of their allegations of the invalidity of the Sixteenth Amendment of the United States Constitution. Montana courts, however, do have the jurisdiction to quiet title to property located in Montana. Sections 70-28-101 through -113, MCA, address actions to quiet title to real estate generally and §§ 15-18-411 through -413, MCA, specifically address actions to quiet title to a tax deed.

The Beckmans' property was seized in 1979, and after approximately ten years the title to this property is still not quieted. The Beckmans' consistent failure to seek the proper administrative remedies to settle the initial issue of whether they are entitled to a tax refund and therefore whether their property was improperly seized in light of their allegations of the invalidity of the Sixteenth Amendment does not prevent this Court from affirming the District Court's order quieting title to the property in question. While this Court does not have subject matter jurisdiction over the original issues, this Court is nonetheless required under Rule 202(d)(1), M.R.Evid., to take judicial notice of federal statutes.

The applicable federal statute in this case is 26 U.S.C. § 6532(a) (1982). In particular, this statute provides that

No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of

- 5 -

> the part of the claim to which the suit or proceeding relates.

Federal district courts have strictly construed this statute of limitations, recognizing that such a statute relinquishes the United States' sovereign immunity and therefore is considered jurisdictional and not subject to extensions. See Starkey v. United States (W.D. Ark. 1986), 635 F.Supp. 1007, 1009; Wyker v. Willingham (N.D. Ala. 1944), 55 F.Supp. 105, 106. A notice of the tax deficiency was sent to the Beckmans by certified mail on May 6, 1976. The two year statute of limitations bars the Beckmans from now bringing an administrative suit for a refund of taxes even if they chose, after over ten years, to seek the proper venue to bring their complaint. In the earlier federal cases, those courts dismissed the Beckmans' suits because they had not first sought administrative relief, so that the federal courts had no jurisdiction. Whatever effect these federal cases may have, if any, as to res judicata, it is clear that the action in the state district court is bound by the statute of limitations. Accordingly, by taking judicial notice of 26 U.S.C. § 6532(a), we determine to affirm the District Court's order quieting title to the property in question.

The Beckmans do not present any facts nor do they offer any legitimate contentions as to why this Court should not affirm the District Court's order. We therefore affirm the District Court's order granting Getter's motion for partial summary judgment quieting title to the property in question, ejecting the Beckmans from the property, and granting other such relief as requested.

The second issue raised on appeal is whether the Beckmans are entitled to a jury trial in a quiet title action.

The Beckmans assert that the District Court violated their Seventh Amendment rights by not granting them a jury trial in this quiet title action. We disagree. In McGuiness v. Maynard (1983), 202 Mont. 484, 658 P.2d 1104, this Court held that actions to quiet title are actions in equity. In equity actions, a district court may impanel an advisory jury but is not required to do so. McGuiness, 202 Mont. at 490, 658 P.2d at 1107. Therefore, contrary to what the Beckmans argue, they are not entitled to a trial by jury in this action.

Affirmed.

William E. Hunt Sr.
_____
Justice

We Concur:

John Conway Harrison
_____

John C. Sheehy
_____

L.C. Gulbrandson
_____

_____
Justices