**Martin J. BECKMAN and Earlene H. Beckman, Plaintiffs,**

v.

**James F. BATTIN, Russell K. Fillner, William R. McNamer, Mark S. Werner, Jon E. Doak, William R. Getter, and One to Twenty John and Jane Does, Defendants.**

**Martin J. BECKMAN and Earlene H. Beckman, Plaintiffs,**

v.

**Alan GREENSPAN, et al., Defendants.**

**Nos. 93–204–BLG, 94–41–BLG.**

United States District Court, D. Montana, Billings Division.

April 24, 1995.

Martin J. Beckman, pro se.

Earlene H. Beckman, pro se.

Lorraine D. Gallinger, U.S. Attorney, Billings, MT, for James Battin.

Lynn M. Grant, Quane, Smith, Howard & Hull, Missoula, MT, for Russell K. Fillner.

William R. McNamer, McNamer Thompson, P.C., Billings, MT, for William R. McNamer.

Peter T. Stanley, Stanley Law Office, Billings, MT, for Mark S. Werner.

Jon E. Doak, Matovich, Addy & Keller, P.C., Billings, MT, for Jon E. Doak, William R. Getter.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

In the late 1970s the Internal Revenue Service ("IRS") seized and sold plaintiffs' real property in Yellowstone County, Montana to satisfy an unpaid tax liability. Pending before this court are the fifth and sixth lawsuits instituted by plaintiffs in connection with the seizure and subsequent sale of the referenced property.[1] Because both actions are premised upon the same operative facts, the court finds it appropriate to consolidate the actions pursuant to F.R.Civ.P. 42.[2]

In the fifth lawsuit, denominated *Beckman v. Battin, et al.*, Cause No. CV–93–204–BLG, plaintiffs advance claims against United States District Court Judge—James F. Battin,[3] Montana State District Court Judge—Russell K. Fillner,[4] attorneys—William R. McNamer, Mark S. Werner and Jon E. Doak,[5] and William R. Getter.[6] In the sixth lawsuit, denominated *Beckman v. Greenspan, et al.*, Cause No. CV–94–41–BLG, plaintiffs advance claims against Alan Greenspan—Chairman of the Federal Reserve;[7] Margaret Richardson—Commissioner of the Internal Revenue Service; Yellowstone County; Merrill Klundt—Clerk and Recorder of Yellowstone County; and the State of Montana.[8] Both actions were originally filed in state district court, and removed to this court by the defendants.[9]

1. Plaintiffs' first four actions unsuccessfully challenged: the validity of the tax lien filed by the IRS; the seizure of plaintiffs' property by the IRS; and the subsequent tax sale. *See, Beckman v. United States, et al.*, Cause No. CV–77–97–BLG (D.Mont. Jan. 6, 1978); *Beckman v. IRS, et al.*, CV–80–131–BLG (D.Mont. June 29, 1981), aff'd, No. 81–3468 (9th Cir. July 13, 1982) [unpublished memorandum]; *Beckman v. Getter Trucking, Inc. Profit Sharing Plan, et al.*, Cause No. CV–82–263–BLG (D.Mont. Feb. 15, 1984), aff'd, No. 84–3701 (9th Cir. Dec. 26, 1984) [unpublished memorandum]; and *Beckman v. United States, et al.*, Cause No. CV–89–210–BLG (D.Mont. July 11, 1990), aff'd, *Beckman v. United States et. al.*, 968 F.2d 1220 (9th Cir.1992).

Named as defendants in these lawsuits were the IRS, the United States, the individual IRS agents involved in the assessment of plaintiffs' tax liability, and Getter Trucking, Inc. Profit Sharing Plan ("Getter Trucking")—the party that purchased plaintiffs' property at the tax sale.

Each of these actions was summarily dismissed for lack of subject matter jurisdiction, or because the action was barred under the doctrine of sovereign immunity or the principle of *res judicata*.

2. F.R.Civ.P. 42 provides, in pertinent part, as follows:

(a) **Consolidation** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

3. Judge Battin was the presiding judge in the four federal lawsuits described in footnote No. 1, *supra*.

4. Following the referenced tax sale, Getter Trucking instituted an action in state district court to quiet title in plaintiffs' former property. *See, Getter Trucking, Inc. Profit Sharing Plan v. Beckman*, Cause No. CV–85–1943. Judge Fillner was the presiding judge in the quiet title action.

5. Defendants McNamer and Werner represented Getter Trucking in the federal lawsuits denominated *Beckman v. Getter Trucking, Inc. Profit Sharing Plan*, Cause No. CV–82–263–BLG, and the quiet title action. Getter Trucking retained Doak to enforce the decree entered in its favor as a result of the quiet title action.

6. Defendant William Getter was the trustee for Getter Trucking. Getter purchased plaintiffs' property at the tax sale on behalf of Getter Trucking.

7. The complaint purports to advance a claim against Greenspan, in his official capacity as Chairman of the Federal Reserve, and a separate claim against the "Federal Reserve Board." The claim asserted against the Federal Reserve Board is superfluous because a suit against a governmental official in his official capacity is a deemed an action against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985).

8. Although the United States is also named as a defendant in the caption of the complaint, the text of the pleading is void of a claim for relief directed at the United States.

9. The lawsuit denominated *Beckman v. Battin, et al.*, Cause No. CV–93–204–BLG was removed from the District Court of the Thirteenth Judicial District of the State of Montana, pursuant to 28 U.S.C. § 1446, upon request by defendant Battin.

Presently before this court are motions to dismiss filed by all defendants except Werner, Klundt and Yellowstone County;[10] motions for sanctions submitted by Battin, Fillner, Doak, Getter and McNamer;[11] Fillner's motion to strike;[12] plaintiffs' motion for entry of default against Greenspan; plaintiffs' motion to remand *Beckman v. Greenspan, et al.*, Cause No. CV–94–41–BLG to the District Court of the Seventh Judicial District; and plaintiffs' motion to set trial date. For the reasons stated below plaintiffs' motion for entry of default, and plaintiffs' motion seeking remand, are denied. Defendants' motions to dismiss are converted to motions for summary judgment, and granted. As a result of this ruling, the motion to strike and the motion requesting a trial date, become moot. The motions requesting sanctions are granted to the extent described below.

## BACKGROUND

In 1977, plaintiffs instituted a declaratory action in this court against the IRS, challenging the validity of a tax lien levied upon plaintiffs' property in Yellowstone County to secure payment of an unpaid federal tax liability for tax years 1974 and 1975.[13] *See, Beckman v. United States*, Cause No. CV–77–97–BLG. The court, the Honorable Judge James Battin presiding, dismissed the action for lack of subject matter jurisdiction.[14]

Following the dismissal of the action, the referenced property was sold by the IRS at a tax lien foreclosure sale to Getter Trucking. Shortly thereafter, plaintiffs instituted a suit in this court challenging the validity of the sale. *See, Beckman v. Internal Revenue Service*, Cause No. CV–80–131–BLG. Named as defendants were the IRS and the United States. This second action, like plaintiffs' first action, was dismissed for lack of subject matter jurisdiction.

When the dismissal was subsequently affirmed by the Ninth Circuit Court of Appeals,[15] plaintiffs' instituted a third action in this court in connection with the seizure and sale of their property. Named as defendants in the third action, were Getter Trucking and the individual IRS employees involved in the assessment and collection of the plaintiffs' tax liability.[16] *See, Beckman v. Getter Trucking, Inc. Profit Sharing Plan, et al.*, Cause No. CV–82–263–BLG. After the third action was dismissed for lack of subject matter jurisdiction,[17] plaintiffs again appealed,

The lawsuit denominated *Beckman v. Greenspan, et al.*, Cause No. CV–94–41–BLG was removed from the District Court of the Seventh Judicial District of the State of Montana, pursuant to 28 U.S.C. §§ 1442 & 1444, upon request by defendants Greenspan, Richardson and the United States.

10. In lieu of a motion to dismiss, defendants Yellowstone County, Klundt and Werner each submitted an Answer in response to the claims advanced against them.

11. Defendants Klundt and Yellowstone County filed a Counterclaim which requests the imposition of sanctions against the plaintiffs. Because a request for sanctions under F.R.Civ.P. 11, is properly made by motion, the court will treat each Counterclaim as a motion for sanctions.
 Defendants urge the court to impose sanctions upon the ground the complaint is frivolous, and was filed for the purpose of harassing the defendants.

12. Fillner urges the court to strike from the Complaint paragraphs XI, XII, XX, XXI, and the last two sentences in paragraph XIX, upon the ground these portions of the Complaint contain matters that are impertinent and scandalous.

13. Plaintiffs argued that the lien was assessed without the benefit of proper administrative procedures and should be declared null and void.

14. Judge Battin determined this court lacked subject matter jurisdiction for two distinct reasons. First, plaintiffs failed to exhaust their administrative remedies before instituting the declaratory action, as required under 26 U.S.C. § 7422. Secondly, the action was barred by 28 U.S.C. § 2201, which prohibits declaratory relief in controversies involving federal taxes. *Mitchell v. Riddell*, 402 F.2d 842, 846–47 (9th Cir.1968).

15. *See, Beckman v. Internal Revenue Service*, No. 81–3468 (9th Cir. July 13, 1982) [unpublished memorandum].

16. Plaintiffs maintained the tax assessment was incorrect, and that the tax sale was conducted in violation of the United States Constitution. Plaintiffs sought to have the title to the referenced property restored to them.

17. The court also held that plaintiffs' suit against the individual IRS agents, was in reality a suit against the United States and was barred under the doctrine of sovereign immunity.

and the Ninth Circuit, once again, affirmed. Additionally, the Ninth Circuit cautioned plaintiffs not to file any further actions in federal court seeking comparable relief. *See, Beckman v. Getter Trucking, Inc.*, Cause No. 84–3701 (9th Cir. December 26, 1984) [unpublished memorandum].

Following the dismissal of plaintiff's third suit, William Getter, trustee for Getter Trucking, commenced a quiet title action in the District Court of the Thirteenth Judicial District of the State of Montana, seeking to quiet title in the referenced property. *See, Getter v. Beckman et al.*, Cause No. DV–85–1943. Cognizant of the prior pronouncements by this court and the Ninth Circuit, the state court, Judge Russell Fillner presiding, quieted title in favor of Getter Trucking. The Montana Supreme Court affirmed the decision. *See, Getter v. Beckman*, 236 Mont. 377, 769 P.2d 714 (1989).

Subsequent to the quiet title action, plaintiffs initiated a fourth suit in this court challenging the seizure and sale of their property, naming as defendants the United States and Getter Trucking.[18] *See, Beckman v. United States, et al.*, Cause No. CV–89–210–BLG. Because all of the claims alleged in the fourth lawsuit were raised, or could have been raised in the prior state and federal actions, each was summarily dismissed under the claim preclusion aspect of the doctrine of *res judicata*.[19] The court also found it appropriate to issue an injunction, pursuant to 28 U.S.C. § 1651, barring plaintiffs from filing any subsequent suits in federal court against Getter Trucking, the United States or any agents of the United States, predicated upon the IRS' seizure and sale of

plaintiffs' property, without first obtaining permission from the court. When plaintiffs appealed that ruling, the Ninth Circuit imposed sanctions against plaintiffs in the sum of $1500.00, for advancing a frivolous appeal. *See, Beckman v. United States*, 968 F.2d 1220 (9th Cir.1992).

The present consolidated actions constitute the plaintiffs' most recent attempt to assert claims against parties with some connection to either the tax lien filed by the IRS, the subsequent seizure and sale of plaintiffs' property, or the quiet title action instituted by Getter Trucking.

## DISCUSSION
### Plaintiffs' Motion for Entry of Default

Plaintiffs urge the court to enter a default against defendant Greenspan in the action denominated *Beckman v. Greenspan, et al.*, Cause No. CV–94–41–BLG, upon the ground Greenspan filed an untimely response to plaintiffs' complaint. The claims asserted against Greenspan are premised upon actions taken by Greenspan while acting as Chairman of the Federal Reserve.[20]

Rule 12(a) of the Federal Rules of Civil Procedure provides that an officer of the United States has 60 days from the date service is made upon the U.S. Attorney, in which to respond to a complaint.[21] A review of the record reveals that Greenspan received service of the complaint, through the United States Attorney for the District of Montana, on April 11, 1994. The record further shows that Greenspan filed his response to the Complaint, via a motion to dismiss, on May 19, 1994. Because the response was filed well within the 60 day pe-

---

**18.** Plaintiffs alleged the IRS employed improper procedures in the seizure and sale of their property, and that Getter Trucking attempted to profit from the government's improper procedures by acquiring the property at the tax sale. Plaintiffs requested the court to declare the sale of the property to Getter Trucking null and void.

**19.** The claims against the federal government challenging the validity of the seizure and sale of plaintiffs' property were raised, or could have been raised, in the federal lawsuit denominated *Beckman v. Getter Trucking, Inc. Profit Sharing Plan*, Cause No. CV–82–263–BLG. The claims advanced against Getter Trucking could have

been raised in the quiet title action instituted by Getter Trucking in state district court.

**20.** Plaintiffs allege Greenspan caused them economic damages by allowing the Federal Reserve to purchase government bonds on credit, thereby causing an increase in their taxes.

**21.** F.R.Civ.P. 12(a)(3) provides in pertinent part as follows:

"The United States or an officer or agency thereof shall serve an answer to the complaint ... within 60 days after service upon the United States Attorney of the pleading in which the claim is asserted."

**976**

riod prescribed in F.R.Civ.P. 12(a)(3), plaintiffs' motion for entry of default is appropriately denied.

### Plaintiffs' Motion for Remand

█ Plaintiffs request the court to remand the action denominated *Beckman v. Greenspan, et al.*, Cause No. CV–94–41–BLG to the District Court of the Seventh Judicial District. The action was previously removed to this court upon timely requests by defendants Greenspan and Richardson. The claims advanced against Richardson, like the claims asserted against Greenspan, are premised upon actions allegedly taken by Richardson while she acting under the color of her federal office.[22] When a federal officer is sued in state court for activities falling within the scope of her official duties, 28 U.S.C. § 1442, confers upon the federal officer an absolute right to remove the action to federal court. *Malone v. Longo*, 463 F.Supp. 139, 141 (E.D.N.Y.1979) *citing, Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969). Consequently, the court is constrained to deny plaintiffs' motion for remand.

### Defendants' Motions to Dismiss

█ The named defendants have filed numerous motions, pursuant to F.R.Civ.P. 12, seeking summary disposition of all claims advanced by plaintiffs. In ruling upon the motions, the court has considered matters outside the pleadings, including *inter alia*, the records of prior judicial proceedings, and documents submitted by plaintiffs in opposition to the motions.[23] Accordingly, Fed. R.Civ.P. 12(b), requires the court to convert the motions, treating them as motions for summary judgment under Fed.R.Civ.P. 56(c). *Statewide Rent–A–Car, Inc. v. Subaru of America*, 704 F.Supp. 183, 184 (D.Mont.

**22.** Plaintiffs allege Richardson caused them economic damages by allowing the IRS to seize and sell their property.

**23.** The documents submitted by plaintiffs include excerpts from a publication entitled "The National Educator", and excerpts from a newsletter issued by the American Pistol and Rifle Association.

**24.** Because plaintiffs submitted matters outside the pleadings in opposition to the dispositive motions submitted by defendants, the court finds

1988).[24] Summary judgment is properly granted under Rule 56(c) when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

### Claims Against Battin and Fillner

█ Plaintiffs allege that Judge Battin violated their constitutional rights in the four previous federal lawsuits when he failed to declare the 16th Amendment of the U.S. Constitution invalid, and dismissed the actions without affording plaintiffs a jury trial. Similarly, plaintiffs contend Judge Fillner violated their constitutional rights during the quiet title action in state district court when he refused to declare the 16th Amendment of the United States Constitution invalid; refused to reject Judge Battin's rulings in the four referenced federal lawsuits; and quieted title to the plaintiffs' former property in favor of Getter Trucking without giving plaintiffs' notice of the trial.[25]

█ Although these claims may be appropriately dismissed for a number of reasons, this court need not look beyond the doctrine of judicial immunity. It is a well established rule that a judge is absolutely immune from civil liability for judicial acts taken within the jurisdiction of his court. *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). Immunity attaches even if the judicial acts were erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). A judge loses absolute immunity only when he acts in clear absence of jurisdiction or performs an act which is not judicial in nature. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988);

that all parties had sufficient notice that the motions would be treated as motions for summary judgment, and that conversion of the motions is appropriate.

**25.** Contrary to the Plaintiffs' assertion, a trial did not take place in the quiet title action. A review of the record reveals the state court quieted title in favor of Getter Trucking upon a motion for summary judgment submitted by Getter Trucking.

*Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1388–89 (9th Cir. 1987). In the instant case, all of the claims asserted against Judges Battin and Fillner are predicated upon judicial actions occurring within the jurisdiction of each judge's respective court.[26] Accordingly, the court finds that both Judges are immune from suit.

### Claims Against McNamer and Werner

Plaintiffs allege McNamer and Werner violated plaintiffs' 7th Amendment right to a jury trial, when, in their capacities as counsel for Getter Trucking in *Beckman v. Getter Trucking, Inc., Profit Sharing Plan, et al.*, Cause No. CV–82–263–BLG, and *Getter Trucking, Inc. Profit Sharing Plan v. Beckman*, Cause No. DV–85–1943, they filed briefs in opposition to plaintiffs' request for a jury trial.

 It is axiomatic that the mere filing of briefs in an opposition to a request for a jury trial, does not give rise to a claim upon which relief can be granted. Therefore, plaintiffs' claims against defendants McNamer and Werner are properly dismissed.[27]

### Claims Against Doak

Plaintiffs allege Doak violated their constitutional rights when he failed to report the purported constitutional violations alleged to have been committed by Judges Battin and Fillner, discussed above. Because the court previously determined that Judges Battin and Fillner did not violate plaintiffs' constitutional rights, logic dictates that Doak's failure to report the nonexistent violations cannot give rise to a viable claim against Doak.

### Claims Against Getter, Richardson, Klundt, the State of Montana and Yellowstone County

 All of the claims asserted against Getter, Richardson, Klundt, the State of Montana and Yellowstone County challenge either the lien levied on plaintiffs' property, or the seizure and sale of plaintiffs' property by the IRS.[28] The propriety of both the tax lien, and the subsequent seizure and sale of plaintiffs' property, have been litigated in this court on three prior occasions. *See, Beckman v. United States, et al.*, Cause No. CV–77–97–BLG, *Beckman v. Internal Revenue Service, et al.*, Cause No. CV–80–131–BLG, and *Beckman v. Getter Trucking Inc., Profit Sharing Plan, et al.*, Cause No. CV–82–263–BLG. In each previous action, the court determined it lacked subject matter jurisdiction because plaintiffs failed to exhaust their administrative remedies by first applying to the IRS for a tax refund as required under 26 U.S.C. § 7422. Because plaintiffs did not pursue their administrative remedies, the court continues to lack jurisdiction over this matter.[29]

### Claims Against Greenspan

 Plaintiffs allege Greenspan caused them economic damages (in the form of in-

---

**26.** A federal court has the inherent power to determine as a preliminary matter whether it has subject matter jurisdiction. *In Re Gaines*, 932 F.2d 729, 731 (8th Cir.1991), *citing, United States v. United Mine Workers of America*, 330 U.S. 258, 290–92, 67 S.Ct. 677, 694–96, 91 L.Ed. 884 (1947).

A Montana state district court has jurisdiction to quiet title to privately owned property located within the exterior boundaries of this state. *Getter v. Beckman*, 236 Mont. 377, 769 P.2d 714, 716 (1989).

**27.** Although Werner did not file a motion requesting the dismissal of plaintiffs' claim against him, the court acting, *sua sponte*, finds it appropriate to dismiss the claims asserted against Werner. A court may dismiss a claim, *sua sponte*, when it is "so attenuated an unsubstantial as to be absolutely devoid of merit ..." *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir.1981).

**28.** Plaintiffs claims against Klundt, Yellowstone County and the State of Montana are based upon Klundt's allegedly erroneous filing of a federal tax lien in connection with the tax sale.

Plaintiffs allege Richardson, while acting as Commissioner of the IRS, unlawfully converted plaintiffs' property when the IRS sold the property at the tax sale.

Plaintiffs allege Getter violated their constitutional rights when he purchased plaintiffs' property at the tax sale while acting as trustee for Getter Trucking.

**29.** Although neither Klundt nor Yellowstone County filed a motion requesting dismissal of the claims advanced against them, the court finds it appropriate to dismiss, *sua sponte*, the claims against Klundt and Yellowstone for lack of subject matter jurisdiction.

creased taxes) when the Federal Reserve purchased government bonds on credit, while Greenspan was acting as that entities' chairman. The court finds it appropriate to dismiss the claims because the plaintiffs lack the requisite standing, as either a federal taxpayer or a federal citizen, to assert such claims.

■ A plaintiff has standing, as a federal taxpayer, to challenge governmental action only if the plaintiff meets the two requirements described in *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). First, the suit must challenge congressional actions taken under the tax and spending clause of Art. I, § 8, of the U.S. Constitution. *Cohen*, 392 U.S. at 102, 88 S.Ct. at 1953; *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 227–28, 94 S.Ct. 2925, 2935–36, 41 L.Ed.2d 706 (1974). Second, the taxpayer must show that the congressional action exceeded specific constitutional limitations imposed upon the exercise of the taxing and spending power. *Valley Forge College v. Americans United*, 454 U.S. 464, 479, 102 S.Ct. 752, 761, 70 L.Ed.2d 700 (1982), *citing*, *Cohen*, 392 U.S. at 102–03, 88 S.Ct. at 1953–54.

In the case *sub judice*, plaintiffs lack standing because they do not challenge a congressional enactment, but rather attack the decision of the executive branch to purchase treasury notes on credit. The pronouncement of the Supreme Court in *Cohen* limits taxpayer standing to challenges directed "only [at] exercises of congressional power." *Cohen*, 392 U.S. at 102, 88 S.Ct. at 1953.

■ In order to possess standing as a federal citizen, a plaintiff must allege "distinct and palpable" injuries to himself. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). A plaintiff must have a personal stake in the outcome. *Schlesinger, supra*, 418 U.S. at 225–

26, 94 S.Ct. at 2934–35. Standing may not be predicated upon an interest held generally by the public because an injury to all citizens is necessarily abstract in nature. *Bell v. City of Kellogg*, 922 F.2d 1418, 1423 (9th Cir.1991), *citing, Schlesinger, supra*, 418 U.S. at 220, 94 S.Ct. at 2931. Motive or sincerity of commitment to the cause is irrelevant to the inquiry. *Id.* 418 U.S. at 225–26, 94 S.Ct. at 2934–35.

Plaintiffs general assertion that they suffered an increase in taxes as a result of the purchase of government bonds by the Federal Reserve, is an interest held generally by the public, and as such, is insufficient to establish the personal injury requirement. *Schlesinger, supra*, 418 U.S. at 220, 94 S.Ct. at 2931. Plaintiffs' challenge is nothing more than dissatisfaction with a political decision. Consequently, the court finds that the plaintiffs lack standing to pursue claims against Greenspan as either a federal taxpayer or citizen.

### Motions for Sanctions

■ Defendants Battin, Fillner, McNamer, Getter, Doak, Klundt and Yellowstone County urge the court to impose sanctions against plaintiffs, pursuant to F.R.Civ.P. 11,[30] upon the ground the claims propounded by the plaintiffs are frivolous, and submitted for the purpose of harassment. In addition to requesting monetary relief, defendants urge the court to extend the scope of its July 11, 1990, Order in *Beckman v. United States, et al.*, Cause No. CV–89–210–BLG, to preclude plaintiffs from filing any further suits in a state district court, arising out of the seizure and sale of plaintiffs property by the IRS, without first obtaining permission from this court.

While this court does not find it appropriate to fashion an order limiting plaintiffs' access to a state tribunal, the court does find it proper to impose a monetary sanction

---

**30.** F.R.Civ.P. 11(b), provides in pertinent part:

"**(b) Representation to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;"

against plaintiffs in the sum of $1,000.00 for filing frivolous claims. None of the claims advanced by the plaintiffs are premised upon existing law, or a reasonable extension or modification of existing law. In view of plaintiffs' prior litigation efforts in this court, it is obvious that the present actions were intended as a continuation of plaintiffs' vexatious attack upon every person and/or entity with a connection to the seizure and sale of their former property. The time has come for these meritless claims to stop. Accordingly, the court cautions plaintiffs that if they file any further actions in a state district court, predicated upon the operative facts in this case, and the action is subsequently removed to this court, the action shall be summarily dismissed and appropriate sanctions shall be imposed.

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED, that plaintiffs' motion for entry of default and plaintiffs' motion seeking remand are DENIED. Defendants' motions to dismiss are converted to motions for summary judgment, and GRANTED. The court dismisses, *sua sponte*, all claims asserted against defendants Werner, Klundt and Yellowstone County. As a result of these rulings, the present consolidated actions are dismissed in their entirety, and all other pending motions become moot.

IT IS FURTHER ORDERED, that the motions requesting sanctions are GRANTED to the extent described herein. Accordingly, plaintiffs are directed to deposit the sum of $1,000.00 with the Clerk of Court within 30 days from the date of this order. Failure to comply with this directive shall be deemed a contempt of court.