**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

S. GREENE, and the class of plaintiffs
which she represents,

        Plaintiff - Appellant,

  v.

CITIGROUP, INC., a Delaware
corporation; S. W. SHATTUCK
CHEMICAL COMPANY, INC., a
Colorado corporation; SALOMON,
INC., a Delaware corporation;
COLORADO, STATE OF; DENVER,
CITY AND COUNTY OF; BILL
OWENS, Governor of the State of
Colorado,

        Defendants - Appellees,

_____

ROCKY MOUNTAIN LOW-LEVEL
RADIOACTIVE WASTE BOARD,

        Intervenor - Appellee.

No. 99-1030

(D. Colorado)

(D.C. No. 98-D-2332)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE**, **ANDERSON**, and **LUCERO**, Circuit Judges.

---

Plaintiff S. Greene, suing on behalf of herself as a Denver, Colorado, taxpayer and other similarly situated Denver taxpayers, appeals the dismissal of her complaint, which sought injunctive and declarative relief regarding a low-level radioactive waste site located in Denver. We affirm.

## BACKGROUND

Ms. Greene initially filed this action in Colorado state court, alleging that defendant The S.W. Shattuck Chemical Company, Inc., had violated the Rocky Mountain Low-Level Radioactive Waste Compact (the "Compact") by implementing a remedy for clean-up of the Unit 8 Denver Radium site, which the Environmental Protection Agency had ordered pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA"). Other parties named as defendants were The Citigroup, Inc. and Salomon, Inc., corporations apparently related to Shattuck, Roy Romer, then the Governor of Colorado, the State of Colorado, and the City and County of Denver.

Shattuck removed Ms. Greene's action to federal court. In its removal petition, Shattuck alleged that its remediation action was conducted pursuant to

the directive of a federal officer (an EPA official), and that removal was therefor appropriate under 28 U.S.C. § 1442(a), the federal officer removal statute.[1]

Shattuck then filed a motion to dismiss, arguing that Ms. Greene has no private cause of action to enforce the Compact and that she lacks standing to maintain the cause of action in federal court. The State defendants also filed motions to dismiss, alleging failure to state a claim and Eleventh Amendment immunity. The Rocky Mountain Low-Level Radioactive Waste Board (the "Board") filed a motion to intervene as of right, as well as a motion to dismiss, arguing that Ms. Greene has no private cause of action. Ms. Greene filed a motion to remand the matter to the state court, arguing that removal was improper, and filed a motion to strike the Board's motion to dismiss.

The district court: (1) denied Ms. Greene's motion to remand; (2) granted the Board's motion to intervene; (3) granted Shattuck's motion to dismiss; (4) granted the Board's motion to dismiss; (5) denied Ms. Greene's motion to

---

[1] 28 U.S.C. § 1442(a) provides in pertinent part:

A civil action . . . commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office . . . .

strike the Board's motion to dismiss; and (6) held the State defendants' motion to dismiss is moot.

Ms. Greene appeals, arguing (1) the district court lacked subject matter jurisdiction over this action, and the court accordingly erred in denying her motion to remand the action; (2) the Compact creates a private cause of action; (3) the district court erred in removing the action pursuant to 28 U.S.C. § 1442(a); and (4) because the district court lacked subject matter jurisdiction, it lacked jurisdiction to grant the Board's motion to intervene, enter judgment on the Board's behalf, and award the Board costs.

## DISCUSSION

### I. Removal

The removal of this case to federal court was proper under 28 U.S.C. § 1442(a)(1). That section allows removal of any civil action against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1). The right of removal "is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court." Willingham v. Morgan, 395 U.S. 402, 406 (1969); see also Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1427 (11th Cir.

-4-

1996) ("If the statutory prerequisites are satisfied, section 1442(a)(1) provides an independent federal jurisdictional basis.").

A private corporation may remove a case under § 1442(a)(1) if it can show: (1) that it acted under the direction of a federal officer; (2) that there is a causal nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; and (3) that there is a colorable federal defense to the plaintiff's claims. See Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 398-400 (5th Cir. 1998). Those requirements are clearly met in this case. Shattuck implemented a remedy selected by the EPA, a federal agency, pursuant to CERCLA, and it was subject to civil penalties for failure to comply with that directive. Shattuck has raised colorable federal defenses, including the interpretation of the Compact and the interplay between CERCLA and the Compact.[2] Finally, there is a clear nexus between Ms. Greene's claims and Shattuck's remedial actions taken pursuant to the EPA's orders.

We therefore affirm the district court's conclusion that removal under the federal officer removal provisions of § 1442(a)(1) was proper and the federal

---

[2]The Compact is an interstate compact which was adopted as part of the law of Colorado in 1983 and codified at Colo. Rev. Stat. §§ 24-60-2201 et. seq. Congress ratified the Compact in 1985 and President Reagan signed it into law in 1986. "[T]he construction of an interstate agreement sanctioned by Congress under the Compact Clause presents a federal question." Cuyler v. Adams, 449 U.S. 433, 438 (1981).

district court had subject matter jurisdiction over this action. Ms. Greene's argument that she lacks standing in federal court does not alter that conclusion. Since the district court had jurisdiction over this matter, it properly ruled upon the various motions pending before it.

## II. Motion to Intervene

The district court granted the Board's motion to intervene as of right, granted the Board's motion to dismiss, and awarded it costs. Ms. Greene's only challenge on appeal to the court's grant of the motion to intervene rests upon her assertion that the court lacked subject matter jurisdiction over the removed action and therefore lacked the authority to rule on any motions before it. We have rejected that argument. Our rejection controls the resolution of this issue.

## III. Dismissal

Ms. Greene argues the court should have remanded the matter to the state court, rather than dismiss her complaint. We disagree. As we concluded above, the district court had jurisdiction over the case because the case had properly been removed to federal court. However, Ms. Greene admits, as she has throughout this litigation, that she lacks standing in federal court to bring this action. In such circumstances, dismissal is proper. See M.A.I.N. v. Commissioner, 876 F.2d

1051, 1055 (1st Cir. 1989); <u>Beckman v. Battin</u>, 926 F. Supp. 971, 978-79 (D. Mont. 1995); <u>International Primate Protection League v. Administrator</u>, No. 91-2966, 1992 WL 329555 at *2-3 (E.D. La., Nov. 2, 1992), <u>aff'd</u>, 22 F.3d 1094 (5th Cir. 1994); <u>M.A.I.N. v. Petit</u>, 644 F. Supp. 81, 85 (D. Me. 1986). We affirm the district court's grant of Shattuck's and the Board's motions to dismiss. That obviates the need to address any other issues, or the propriety of the court's ruling on any other motions, in this case.

For the foregoing reasons, we AFFIRM the district court's dismissal of this case with prejudice.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge