No. 87-473

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

L. R. BRETZ,

        Plaintiff and Appellant,

  -vs-

MILAN R. AYERS, MILAN R. AYERS, Personal
Representative of the Estate of YVONNE
AYERS, SHIRLEY M. BROWN, RICHARD C. PACHEK,
ZOLLIE KELMAN, GEORGE L. CAMPANELLA, et al.

        Defendants and Respondents.

APPEAL FROM: District Court of the Ninth Judicial District,
              In and for the County of Pondera,
              The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        L. R. Bretz, Pro Per, Billings, Montana

    For Respondent:

            Conklin, Nybo & LeVeque; William Conklin, Great Falls,
            Montana
            Graybill, Ostrem, Warner & Crotty; George R Crotty,
            Great Falls, Montana
            Anderson, Beatty & Lee; Drawer D, Shelby, Montana
            Douglas Anderson, County Attorney, Conrad, Montana
            William Sherman, Conrad, Montana

Submitted on Briefs:  April 7, 1988

Decided:  May 24, 1988

Filed: MAY 2 4 1988

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Plaintiff, L. R. Bretz, appeals the decision of the Ninth Judicial District Court, Pondera County, to convert defendants', Milan R. Ayers; Milan R. Ayers, personal representative of the Estate of Yvonne Ayers; Shirley M. Brown; Richard C. Pachek; Zollie Kelman; George L. Campanella; George R. Crotty, Jr.; Ayers Oil and Gas, Inc.; Paul A. Fink; Evelyn Kelman; Sidney Kelman; Sol Berkowitz; John F. Pachek; Kenneth K. Knight; Lynn M. Seelye; Gene D. Todd; Eugene S. Hufford; William N. Walden; Russel Walden; World Wide Petroleum and Exploration Co.; Roger W. Kornder; The Village Bank; Petrox Petroleum Co.; Graybill, Ostrem, Warner & Crotty; Jerry Joy; Pati J. O'Reilly; Junkermier, Clark, Stevens, & Campanella; and Thornton G. Dewey [defendants], motions to dismiss on a quiet title action into a summary judgment for the defendants. We affirm.

The following issues are raised on appeal:

1. Whether the District Court erred when it converted motions to dismiss, Rule 12(b)(6), M.R.Civ.P., into motions for summary judgment, Rule 56, M.R.Civ.P.?

2. Whether the District Court erroneously made findings of facts contrary to the evidence?

3. Whether the District Court erred when it dismissed this action with prejudice?

On July 25, 1973, Milan R. Ayers and Thornton G. Dewey formed an equal partnership for purposes of dealing in oil, gas and other minerals. The partnership agreement specifically stated that the "partnership and Dewey's relationship thereto remain as secret and silent as possible, and that business affairs be carried on in the name of MILAN R. AYERS

. . . ." On January 21, 1980, Ayers acquired for the partnership, but in his own name, a 320 acre oil and gas lease located in Pondera County, known as the Aakre lease. Ayers and Dewey dissolved their partnership on December 22, 1980. Neither the partnership agreement nor the dissolution of the partnership agreement were recorded.

The plaintiff-appellant, Bretz, brought this action in July, 1985, to quiet title to a 21.875% working interest in the Aakre lease. Bretz claims part of this interest by relying upon an assignment of 97% of Dewey's supposed 21.875% working interest. Bretz recognizes that defendant Shirley M. Brown received an interest in the Aakre lease, but argues that she did not receive the entire interest to the lease, but rather only Ayers' 50% interest. Bretz argues that the partnership agreement, which gave each partner equal rights in the management of the partnership, and the dissolution of the partnership agreement between Ayers and Dewey established that Dewey was an owner of record of 50% of the Aakre oil and gas lease. Bretz further argues that even though the partnership agreement and the dissolution agreement were not recorded, the defendants knew of Dewey's 50% interest and therefore had the requisite notice that would bar the defendants from purchasing Dewey's 50% interest from Ayers.

The defendants brought motions to dismiss under Rule 12(b)(6), M.R.Civ.P. In response to these motions to dismiss, Bretz attached eleven documents to his brief opposing those motions to dismiss and argued the contents of those documents throughout his brief. The District Court deemed the defendants' motions to dismiss as motions for summary judgment and found that Bretz's quiet title action is barred by the statutes of limitations set forth in §§ 70-19-401 and -402, MCA. Bretz appeals.

- 3 -

The first issue raised on appeal is whether the District Court erred by converting defendants' motions to dismiss under Rule 12(b)(6) into motions for summary judgment? Bretz alleges that summary judgment was not appropriate in this instance because he was not given reasonable opportunity to present all material pertinent to the case and further that genuine issue of material fact exists. We disagree.

The applicable rule in this instance is Rule 12(b), M.R.Civ.P., which states:

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

The language found in Rule 12(b) and 12(c) addressing converting the respective motion to dismiss and motion for judgment on the pleadings into a motion for summary judgment are identical. Likewise, the result is identical when matters beyond the pleadings are presented and considered by the court. In both cases, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. See Clayton by Murphy v. Atlantic Richfield Co. (Mont. 1986), 717 P.2d 558, 560-61, 43 St.Rep. 717, 719; Matthews v. Glacier General Assurance Co. (1979), 184 Mont. 368, 375, 603 P.2d 232, 236-37.

In this instance, Bretz attached eleven documents to his brief opposing defendants' motions to dismiss. The record reveals that the court considered these documents and did nothing to exclude any material presented to it. The court thus converted the motions to dismiss into motions for summary judgment. Bretz did not appear for the oral hearing and

now claims that he did not have a reasonable opportunity to present material pertinent for a motion for summary judgment.

This Court has not previously considered when a party has a reasonable opportunity under Rule 12(b) to present material pertinent for a motion for summary judgment, however, the Court of Appeals for the Ninth Circuit addressed this issue in Grove v. Mead School Dist. No. 354 (9th Cir. 1985), 753 F.2d 1528. In Grove, the plaintiff submitted matters outside the motion to dismiss and invited consideration of them by the court. The court held that a formal notice that the court intended to treat a motion to dismiss as a motion for summary judgment was unnecessary under these circumstances because the party is "fairly apprised" that the court will look beyond the pleadings. Grove, 753 F.2d at 1532-33. Likewise, Bretz himself introduced the extra documents and invited a consideration of them by the court. Bretz thus was "fairly apprised" that the court could treat the motions to dismiss as motions for summary judgment. We hold that in this case Bretz, by his own actions, had a reasonable opportunity to, and did, present pertinent material to the court.

Bretz also argues that genuine issue of material fact exists because he contends that all defendants knew of the partnership, its dissolution, and the agreement between Ayers and Dewey regarding Dewey's interest in the lease. In ordering summary judgment for the defendants, the District Court first recognized that a lessee's interest in an oil and gas lease constitutes an interest in real property, Stokes v. Tutvet (1958), 134 Mont. 250, 255, 328 P.2d 1096, 1099; Rist v. Toole County (1945), 117 Mont. 426, 428-29, 159 P.2d 340, 343; Willard v. Federal Surety Co. (1932), 91 Mont. 465, 472, 8 P.2d 633, 635, and that under §§ 70-19-401 and -402, MCA, a quiet title action to real property cannot lie unless "the

plaintiff, his ancestor, predecessor, or grantor was <u>seized</u> or <u>possessed</u> of the property in question within 5 years before the commencement of the action" (Emphasis added.) Section 70-19-401, MCA. The District Court then found that Dewey, and thus Bretz, were complete strangers to the record title of the Aakre oil and gas lease and thus barred by the statutes to bring a quiet title action.

In making this finding, the court first noted that possession of an oil and gas lease is established only by undertaking oil and gas operations upon the land covered by such lease, see Lehfeldt v. Adams (1956), 130 Mont. 395, 400, 303 P.2d 934, 937, and that Bretz never alleged and no evidence exists that either Dewey nor himself ever undertook oil and gas operations under the Aakre lease. The court next examined whether Bretz or his predecessor in interest, Dewey, were seised of the oil and gas lease within the five-year period required by the statutes. As the court recognized, "seisin" is defined by this Court as "perfect and complete title." Stephens v. Hurly (1977), 172 Mont. 269, 274, 563 P.2d 546, 549-50. The court found that both Dewey and Bretz were complete strangers to the record title of the Aakre oil and gas lease and thus were not seised of the lease. The court based this finding on paragraphs 4 and 6 of the dissolution agreement. Paragraph 4 of the dissolution agreement states:

> Milan R. Ayers shall have and own, and Thornton G. Dewey hereby sells, conveys, assigns, and transfers unto Milan R. Ayers subject to the provisions of paragraph 6 hereof, all of his interest in and to, all of the remaining oil and gas properties of the partnership in the State of Montana not being sold . . ., which oil and gas properties shall include . . . those oil and gas properties generally set forth and described on exhibit C [the Aakre oil and gas lease was set forth in exhibit C]. As part of the consideration therefor, Ayers agrees to

> assume and to pay and all remaining debts of
> the partnership arising from the oil and gas opera-
> tion in Montana . . . and Ayers hereby specifically
> agrees to hold Dewey free and harmless from any and
> all damages, loss, or expense of any kind
> whatsoever which Dewey might suffer from
> non-payment of said debts by Ayers.

Paragraph 6 of the same agreement states:

> Ayers hereby covenants and agrees with Dewey to
> give, grant, and assign to Dewey ½ of any interest
> retained by Ayers in the properties discribed [sic]
> on exhibit C, provided, however, that in the case
> of a working interest retained by Ayers, Dewey's ½
> interest therein shall be converted to a "carried
> working interest," carried free of all costs in the
> ratio of 4 to 1.. . .

The court found that paragraph 4 of the dissolution agree-
ment constituted a present conveyance by Dewey to Ayers of
all of Dewey's interest in the partnership's oil and gas
properties, and that paragraph 6 constitutes an executory
promise to convey the described interest in the future. The
court concluded that neither Dewey nor Bretz were seised of
the oil and gas lease within the five-year period as required
by the statutes. The court thus entered summary judgment for
the defendants.

We hold that the District Court accurately accounted for
the facts and applied the appropriate law. Paragraph 4 of
the dissolution agreement clearly indicates that Dewey
conveyed all of his right, title, and interest in the
partnership assets to Ayers. Paragraph 6 merely imposes upon
Ayers, at some time in the future, an obligation to convey to
Dewey a small "carried working interest" of any interest
Ayers might retain in the property. Bretz's argument that
the defendants knew of the partnership between Ayers and
Dewey, its dissolution, and any supposed interest Dewey held
is irrelevant, since Ayers did not retain the Aakre lease and

Dewey did not retain a 21.875% interest in the Aakre lease. The District Court correctly found that no genuine issue of material fact existed and properly entered summary judgment for the defendants.

The second issue Bretz raises on appeal is whether the District Court erroneously made findings of facts contrary to the evidence. Bretz argues that the District Court overlooked the language in the dissolution agreement, specifically paragraph 6. According to Bretz's interpretation of the dissolution agreement, Dewey conveyed all his 50% interest to Ayers in paragraph 4 and Ayers reconveyed a 50% interest to Dewey in paragraph 6.

As we have noted above, the District Court carefully examined the partnership and dissolution agreements. The court made findings of facts consistent with the language of the dissolution agreement. When interpreting a contract, the contract "must receive such an interpretation as will make it lawful, operative, definite [and] reasonable . . .," § 28-3-201, MCA, and "[r]epugnancies in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clauses, subordinate to the general intent and purpose of the whole contract." Section 28-3-204, MCA. Bretz's interpretation would render both paragraphs meaningless, since the effect of his interpretation would nullify each paragraph and place each party in their original 50-50 position. Such an interpretation of the two paragraphs is repugnant and not favored by our statutes. In finding that paragraph 4 of the dissolution conveyed a present interest and paragraph 6 constituted an executory promise to convey the described interest in the future, the District Court interpreted these paragraphs of the dissolution agreement so as to give effect

- 8 -

to both paragraphs. We thus hold that the District Court made findings of facts consistent with the evidence.

The third issue raised by Bretz on appeal is whether the District Court erred when it dismissed this action with prejudice. Bretz contends that when a statute of limitations is the basis for dismissing an action, then the action should not be dismissed with prejudice when the passage of time obviates the defense. Bretz thus argues that even if the District Court correctly found that his predecessor in title, Dewey, did not have "constructive seisen" for five years prior to filing the complaint, he nonetheless should have been entitled to refile and start again.

Bretz's basic contention is not applicable in this instance. As previously noted, § 70-19-401, MCA, requires that Bretz or Dewey be possessed or seised of the Aakre lease within five years before the commencement of the action. The District Court found, and the record and evidence supports, that neither Bretz nor his predecessor in interest, Dewey, were seised of the Aakre lease at the time Bretz brought the quiet title action or at any time prior to the bringing of the action. The mere passage of time will not cure this defect and thus bars Bretz from refiling a quiet title action. If Bretz, however, obtained title to an interest in the lease in the future through a new assignment executed by someone having title and his new title was not recognized, Bretz could then commence a new action to quiet title. But that is not the case here. We hold that under the present set of facts the District Court did not err when it dismissed this action with prejudice.

We affirm.

_William E. Hunt_
Justice

- 9 -

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_L. C. Rutherdson_,

_John C. Sheehy_
Justices

- 10 -