No. 97-548

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 331

V. MARK RAFANELLI,

Plaintiff and Appellant,

v.

HAL J. DALE, VIRGINIA LEE GABIG,

and PAULETTE DALE-HUTCHEON,

Defendants and Respondents.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Madison,

The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John S. Warren, Davis, Warren & Hritsco, Dillon, Montana

For Respondent:

Loren Tucker and Johnathan W. Anderson, Tucker Law Firm, Virginia City, Montana

Submitted on Briefs: May 7, 1998

Decided: December 30, 1998

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. V. Mark Rafanelli (Rafanelli) appeals from the judgment of the Fifth Judicial District Court, Madison County, entered in favor of Defendant Hal J. Dale and his daughters, Virginia Lee Gabig and Paulette Dale-Hutcheon (the Dales). The District Court held that Rafanelli's case was barred by the doctrine of collateral estoppel. We affirm.**

**¶2. The following issues are raised on appeal:**

**¶3. 1. Did the District Court err when it ruled that Rafanelli was collaterally estopped from litigating this case?**

**¶4. 2. Did the District Court err when it converted the Dales' motion for judgment on the pleadings into a motion for summary judgment?**

**¶5. This is the second suit that Rafanelli has initiated against the Dales. In 1992, Rafanelli brought an action to quiet title to his property, known as the Whiterock Ranch. He requested the court to declare that the Dales had no right, title, or interest in any easement across the Whiterock Ranch to reach their property, known as Beall Canyon. He contended that the Dales' use of routes on his property was permissive only and could be revoked at any time. The Dales, on the other hand, counterclaimed that they had acquired a prescriptive easement over certain routes on the Whiterock Ranch.**

**¶6. During the course of the bench trial, Rafanelli contended that the Dales had admitted the permissive nature of their access when the parties entered into negotiations concerning Rafanelli's desire to purchase Defendant Dale's share of the**

partnership interest in the Beall Canyon property. The court rejected Rafanelli's contentions. It found that the negotiations were not inconsistent with a claim of a prescriptive easement, but instead were a way to avoid litigation. It also found that the parties had not entered into a binding agreement. The court concluded that the Dales had an easement by prescription over one route and entered judgment accordingly. Rafanelli appealed to this Court, and we affirmed. Rafanelli v. Dale (1996), 278 Mont. 28, 38-39, 48, 924 P.2d 242, 248-49, 255 (Rafanelli I).

¶7. In 1995, Rafanelli filed this present suit, requesting the court to enforce an oral agreement to form a partnership concerning Rafanelli's desire to purchase the same land and seeking damages for interference with contractual relations. Rafanelli claimed that he had entered into an agreement with Hal Dale whereby he would purchase an interest in the Beall Canyon property, but that Defendants Virginia Lee Gabig and Paulette Dale-Hutcheon influenced Hal Dale into repudiating the agreement. The Dales filed a motion to dismiss and for judgment on the pleadings based in part on the doctrines of res judicata and collateral estoppel. In response, Rafanelli filed a motion requesting the court to take judicial notice of the pleadings in Rafanelli I. By order dated August 6, 1997, the court granted Rafanelli's motion for judicial notice and converted the Dales' motion to dismiss and for judgment on the pleadings into a motion for summary judgment. In that same order, the court then granted the motion for summary judgment in favor of the Dales, holding that the case was barred by the doctrine of collateral estoppel. It is from this order that Rafanelli appeals.

## STANDARD OF REVIEW

¶8. Our standard of review in appeals from summary judgment rulings is *de novo*. When reviewing a district court's grant of summary judgment, we apply the same evaluation, based on Rule 56, M.R.Civ.P., as the district court. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903. In Bruner, this Court set forth the following inquiry:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made

by a district court as to whether the court erred.

Bruner, 272 Mont. at 264, 900 P.2d at 903 (citations omitted).

ISSUE ONE

**¶9. Did the District Court err when it ruled that Rafanelli was collaterally estopped from litigating this case?**

**¶10. The doctrine of collateral estoppel bars a party against whom the claim is asserted or a party in privity with the earlier party, from relitigating an issue which has been decided in a different cause of action. Haines Pipeline Const. v. Montana Power (1994), 265 Mont. 282, 287-88, 876 P.2d 632, 636. The three-part test this Court applies to determine whether collateral estoppel bars litigation is well-established. The three prongs are:**

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

Haines Pipeline Const., 265 Mont. at 288, 876 P.2d at 636 (citation omitted). Satisfying the first prong of the test is the most crucial when determining whether collateral estoppel applies. Haines Pipeline Const., 265 Mont. at 288, 876 P.2d at 636 (citation omitted).

**¶11. In this case, the parties agree that the last two prongs are met. What is at issue is whether the issue decided in Rafanelli I is the same as the issue presented in this case. Rafanelli contends that it is not. He compares the pleadings in Rafanelli I with the pleadings in this case and argues that the action to quiet title does not present the same issue as his claims for specific performance of an oral partnership agreement and interference with contractual relations. He admits that at trial he offered**

evidence of the oral partnership agreement and later negotiations to reduce the oral agreement to writing. However, he argues that the precise question in <u>Rafanelli I</u> was whether the Dales admitted the permissive nature of their use of the access routes on Rafanelli's property by entering into an agreement with Rafanelli, while the precise issue in this case is whether the parties entered into an enforceable oral partnership agreement. We disagree and conclude that the first prong of the three-part test is met.

¶12. As we have previously declared, "the term 'issue' does not equate with the elements of a cause of action." <u>Haines Pipeline Const.</u>, 265 Mont. at 288, 876 P.2d at 636. Rather, "collateral estoppel extends to all questions essential to the judgment and actively determined by a prior valid judgment." <u>Haines Pipeline Const.</u>, 265 Mont. at 288, 876 P.2d at 636 (citing Brault v. Smith (1984), 209 Mont. 21, 26, 679 P.2d 236, 238). It bars the "relitigation of determinative facts which were actually or necessarily decided in a prior action." <u>Haines Pipeline Const.</u>, 265 Mont. at 288, 876 P.2d at 636 (citing Boyd v. First Interstate Bank (1992), 253 Mont. 214, 218, 833 P.2d 149, 151). We have also declared that if a new legal theory put forward in a second action is related to the subject-matter and relevant to the issues that were previously decided, collateral estoppel will bar the second action because it could have been raised, even though it was not expressly pleaded. <u>Haines Pipeline Const.</u>, 265 Mont. at 288-89, 876 P.2d 636-37 (citing Vol. 1B, Moore's Federal Practice ¶ 0.443[2], at 760).

¶13. In this case, there is no doubt but that the issue of the purported agreement between Defendant Hal Dale and Plaintiff Rafanelli was actually litigated and decided in <u>Rafanelli I</u>, notwithstanding the fact that the two cases present different causes of actions and that allegations regarding the purported agreement were not presented in the pleadings in <u>Rafanelli I</u>. Indeed, the issue was litigated at the insistence of Rafanelli, who successfully opposed the Dales' motion in limine to exclude all evidence of the contract negotiations and alleged agreement. Rafanelli first raised the issue in his responses to discovery requests. In his proposed findings of fact and conclusions of law and in his pretrial brief, Rafanelli again alleged the existence of the partnership agreement and set forth his versions of the facts regarding the negotiations and the resulting agreement. Finally, at trial, Rafanelli presented written and oral evidence regarding the partnership agreement. Both Hal Dale and Rafanelli testified and were crossed-examined on the negotiations and alleged agreement, and Rafanelli introduced documents, including correspondence

between Rafanelli and Hal Dale regarding the proposed agreement.

¶14. At the conclusion of trial, the district court ultimately found that the contract negotiations "never resulted in an enforceable agreement." Rafanelli's proposed agreement with Dale "was not consummated," because "Dale changed his mind and so advised Rafanelli. . . ." In support of its finding, the court noted that Rafanelli had conceded there was no agreement when he wrote a letter to Rafanelli expressing disappointment "that [the parties] were not able to reach an agreement. . . ." On appeal, this Court affirmed the district court's rulings. Rafanelli I, 278 Mont. at 39, 48, 924 P.2d at 249, 255. Thus, despite the fact that the complaint in Rafanelli I did not specifically allege the existence of the purported agreement, Rafanelli had the opportunity to litigate, and in fact did litigate this issue, and the issue was adjudicated.

¶15. In this second case, Rafanelli requests specific performance of the alleged partnership agreement litigated in Rafanelli I and presents a tort claim based upon the same agreement. He must therefore first establish that such an agreement existed. As noted, however, the district court already found that the parties never reached a binding agreement. Although the legal theory relied upon in this case differs from that in Rafanelli I, the change did not result in a change in the facts and law established in that earlier case. Finally, Rafanelli was aware of all the facts in this present lawsuit at the time he filed the suit in Rafanelli I. In Rafanelli I, he thus had the opportunity to litigate the claims brought in this second suit, but he did not.

¶16. Rafanelli next contends that the district court's conclusion in Rafanelli I that the parties had never entered into a binding agreement was not necessary to the resolution of that case. He cites State v. Toole County (1996), 278 Mont. 253, 924 P.2d 693, and argues that the decision on that issue was mere dictum and cannot be a basis for a finding of collateral estoppel. Again, we disagree.

¶17. This Court has stated that "[t]hat which is within the issue, fully argued by counsel and deliberately considered by the court in its opinion, is not dictum." Bottomly v. Ford (1945), 117 Mont. 160, 167, 157 P.2d 108, 112 . See also Toole County, 278 Mont. at 259, 924 P.2d at 696 (citing Bottomly when defining "dictum"). Additionally, an issue decided by the court does not constitute dictum simply because the court could have decided the case on some other ground. Bottomly, 117 Mont. at 167, 157 P.2d at 112.

¶18. In this case, the district court's holding that the parties did not enter into a binding agreement does not amount to mere dictum. First, the existence of the partnership agreement was clearly "within the issue" before the court. In Rafanelli I, a main issue was whether the Dales' use of a route across the Whiterock Ranch to reach their own property was permissive. To prove it was permissive, Rafanelli asserted that the parties had negotiated and eventually entered into an agreement regarding the Dales' property. This evidence was critical to Rafanelli's case, and indeed he successfully resisted the Dales' motion in limine to exclude it. Second, as pointed out earlier, the issue was fully litigated by counsel and deliberately considered by the court in its opinion. Collateral estoppel bars Rafanelli from relitigating the existence of the purported agreement.

## ISSUE TWO

¶19. Did the District Court err when it converted the Dales' motion for judgment on the pleadings into a motion for summary judgment?

¶20. After the Dales filed their motion for judgment on the pleadings and to dismiss based upon collateral estoppel, Rafanelli moved the court to take judicial notice of the pleadings in Rafanelli I. Subsequently, the Dales moved the court to take judicial notice of the entire case in Rafanelli I. By order dated August 6, 1997, the district court granted Rafanelli's motion for judicial notice, converted the Dales' motion into a motion for summary judgment because Rafanelli's responses required it to consider matters outside the pleadings, and granted the Dales' motion for summary judgment.

¶21. Rule 12(c), M.R.Civ.P., provides that if, on a motion for a judgment on the pleadings, the party relies on matters outside the pleadings, the court shall treat the motion as one for summary judgment and "all parties shall be given reasonable opportunity to present all material made pertinent" to a Rule 56, M.R.Civ.P., motion. Rafanelli now argues that the District Court erred, because it did not give him a reasonable opportunity to present all pertinent material as required by Rule 12(c), M.R.Civ.P. Because the court converted the motion into a motion for summary judgment in the same order that it granted the motion, Rafanelli contends that he had no notice of what matters the District Court would rely on in reaching its decision. We disagree.

¶22. Rule 12(c), M.R.Civ.P., requires only that a party be given a "reasonable opportunity" to present material pertinent for a motion for summary judgment. This Court has stated that a person has a reasonable opportunity if he is "fairly apprised" that the court may consider other documents and treat the motion as a motion for summary judgment. Bretz v. Ayers (1988), 232 Mont. 132, 136, 756 P.2d 1115, 1118 (interpreting when a person has "reasonable opportunity" under Rule 12(b), M.R. Civ.P., and noting that Rules 12(b) and 12(c), M.R.Civ.P., contain identical standards for converting the respective motion to dismiss and motion for judgment on the pleadings into a motion for summary judgment.)

¶23. In Bretz, Bretz himself had attached eleven extra documents to his brief opposing the defendants' motions to dismiss. This Court held that Bretz was thus "fairly apprised" that the court would consider the documents and treat the motions as motions for summary judgment. Bretz, 232 Mont. at 136, 756 P.2d at 1118. Similarly, in this case, Rafanelli himself requested that the court take judicial notice of the pleadings in Rafanelli I. We conclude that he, too, was fairly apprised that the court might consider documents outside the pleadings and treat the Dales' motion as a motion for summary judgment. Finally, any contention by Rafanelli that the court overlooked any specific material in Rafanelli I, could have been remedied by filing a motion to alter or amend the judgment. We hold that Rafanelli, by his own actions, had a reasonable opportunity to present pertinent material to the court.

¶24. Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

No

/S/ KARLA M. GRAY

/S/ JIM REGNIER