No. 99-605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 300

302 Mont. 345

15 P.3d 869

GLENN HALL and ADA J. HALL,

Plaintiffs and Appellants,

v.

DORIS HECKERMAN,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

Honorable Mike Salvagni, Judge Presiding

COUNSEL OF RECORD:

For Appellants:

James A. McLean, Drysdale, McLean & Nellen, Bozeman, Montana

For Respondent:

Gregory O. Morgan, Morgan, Cameron & Weaver, Bozeman, Montana

Submitted on Briefs: June 15, 2000
Decided: December 5, 2000

Filed

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 The Eighteenth Judicial District Court, Gallatin County, dismissed this action in which Glenn Hall and Ada J. Hall sought a declaratory judgment that they hold an easement by necessity to access their property. The Halls appeal. We affirm.

¶2 The issues are:

¶3 1. Did the District Court err in ruling that the doctrine of res judicata bars this action because the same parties previously litigated a quiet title action involving the tract for which the easement by necessity is now claimed?

¶4 2. Did the court err in denying the Halls' motion for summary judgment asking that the court declare that an easement by necessity was appurtenant to their landlocked tract?

¶5 Because we answer Issue 1 in the negative, we do not reach Issue 2.

¶6 In 1976, Glenn E. Hall and Ada Joan Hall contracted to purchase a 1.754 acre parcel of land in Gallatin County, Montana, from Roland R. Renne and Mary W. Renne. The parcel was located within a larger parcel owned by the Rennes and was landlocked from public roads. The closest public road was Kagy Lane, to the south of the Hall property.

¶7 The parcel was surveyed to identify its size and location, but the survey did not show an easement from the property the Halls were purchasing to Kagy Lane. The warranty deed by which the Rennes conveyed the land to the Halls, however, described an easement from the property south to Kagy Lane.

¶8 In 1991, the Rennes conveyed their larger parcel surrounding the Halls' property on the west and north to Doris Heckerman, "subject to any interest of Glenn E. Hall and Joan Hall in the subject property." The Halls thereafter brought a quiet title action in the District Court, naming the then-widowed Mary Renne and Heckerman as defendants. The

Halls sought title to the 1.754 acre parcel and to the access easement to it as conveyed to them by the Rennes. The Halls prevailed in that action in 1996, after which they filed their title to the property pursuant to the court's judgment. However, the easement granted to the Halls in the 1996 judgment runs across land immediately to the south of the Halls' property, which land the Rennes had conveyed to Marvin and Judy Cowdrey in 1976. The Cowdreys were not parties to the action which resulted in the 1996 judgment.

¶9 The Halls here seek to establish a prescriptive easement or an easement by necessity to the access road they have been using, which lies on Heckerman's property, parallel to and immediately to the west of the access easement they were awarded in the 1996 District Court judgment. The facts are not contested. In her answer to the complaint, and asking the court to take judicial notice of the 1996 judgment, Heckerman moved to dismiss this action on grounds that it is barred under the doctrine of res judicata. In addition to opposing the motion to dismiss, the Halls moved for summary judgment.

¶10 In April 1999, the District Court entered judgment denying the motion to dismiss and directing that scheduling be conducted on proceedings as to the Halls' motion for summary judgment. On Heckerman's Rule 60(b)(6), M.R.Civ.P., motion for reconsideration, however, the court reversed itself. It granted Heckerman's motion to dismiss the complaint and denied the Halls' motion for summary judgment. From that decision, the Halls appeal.

Discussion

¶11 Did the District Court err in ruling that the doctrine of res judicata bars this action because the same parties previously litigated a quiet title action involving the tract for which the easement by necessity is now claimed?

¶12 This Court's standard of review of a decision on a motion to dismiss a complaint as a matter of law is whether the trial court's interpretation of the law is correct. *Skinner Enterprises, Inc. v. Lewis and Clark City-County Health Dept.*, 1999 MT 106, ¶ 11, 294 Mont. 310, ¶ 11, 980 P.2d 1049, ¶ 11. Our standard of review of a ruling on a Rule 60(b)(6), M.R.Civ.P., motion is whether the district court abused its discretion. *In re Marriage of Laskey* (1992), 252 Mont. 369, 371, 829 P.2d 935, 937.

¶13 The Halls point out that in order for the doctrine of res judicata to apply, there must be a concurrence of four elements: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and must

relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them. *See Phelan v. Lee Blaine Enterprises* (1986), 220 Mont. 296, 299, 716 P.2d 601, 603.

¶14 In this case, it is agreed that the parties are the same as those in the previous District Court action and that their capacities are the same in reference to the subject matter and the issues between them. The Halls contend, however, that the second and third elements necessary to establish res judicata are missing: that the subject matter is not the same and the issues are not the same and do not relate to the same subject. According to the Halls, the subject and issue in the first action was title to their property, not the location and character of the easement by necessity or prescription which they claim in the present action.

¶15 In *Rafanelli v. Dale,* 1998 MT 331, 292 Mont. 277, 971 P.2d 371, this Court considered whether a prior quiet title action barred an action for prescriptive easement across the same property, under the doctrine of collateral estoppel. This Court upheld the district court's ruling that it did. In its decision, this Court stated:

> As we have previously declared, "the term 'issue' does not equate with the elements of a cause of action." Rather, "collateral estoppel extends to all questions essential to the judgment and actively determined by a prior valid judgment." It bars the "relitigation of determinative facts which were actually or necessarily decided in a prior action." We have also declared that if a new legal theory put forward in a second action is related to the subject-matter and relevant to the issues that were previously decided, collateral estoppel will bar the second action because it could have been raised, even though it was not expressly pleaded.

*Rafanelli, at ¶ 12.*

¶16 The same is true under res judicata: the term "issue" does not equate with the elements of a cause of action. We have held that the doctrine of res judicata bars "not only the issues litigated in the former action, but also issues which might have been litigated in the former action." *Mills v. Lincoln County* (1993), 262 Mont. 283, 286, 864 P.2d 1265, 1267. "A judgment is binding and conclusive between all the parties to the suit and their privies and successors in interest, as to all matters adjudicated therein and as to all issues which could have been properly raised irrespective of whether the particular matter was in fact litigated." *Orlando v. Prewett* (1989), 236 Mont. 478, 481, 771 P.2d 111, 113, *quoting*

*Kramer v. Deer Lodge Farms Co.* (1944), 116 Mont. 152, 156, 151 P.2d 483, 484.

¶17 In the present case, the District Court reasoned that the conveyance from the Rennes to the Cowdreys had been a matter of public record since it was filed with the Gallatin County Clerk and Recorder on June 25, 1976-before the Rennes delivered the deed to the Halls. The court reasoned that the Halls thus had constructive notice of the Renne/ Cowdrey deed, pursuant to § 70-21-302, MCA. Certainly by the time they filed their first District Court action, the Halls could have determined by checking the public record that the easement they sought ran across land previously sold to the Cowdreys. The Halls could have then claimed the easement by necessity or prescription which they now claim in the present action. Therefore, we conclude that the issues and subject matter are the same in this case as those which could have been raised in the Halls' previous District Court action.

¶18 We hold that the District Court was correct in ruling that Heckerman was entitled to judgment in this case as a matter of law, and that the court did not abuse its discretion in granting the Rule 60(b)(6), M.R.Civ.P., motion necessary to reach that decision. We affirm the judgment of the District Court.

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART