No. 02-061

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 22N

WILLIAM LARRY WEAVER,

        Plaintiff and Appellant,

  v.

DEPUTY MARK HARRIS and DEPUTY SKIDMORE,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DV-01-263,
                     Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

            William Larry Weaver, *pro se*, Buford, Georgia

        For Respondents:

            Fred Van Valkenburg, County Attorney; Michael W. Sehestedt,
            Deputy County Attorney, Missoula, Montana

                          Submitted on Briefs:  May 16, 2002

                                  Decided:  February 13, 2003

Filed:

_____
                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Fourth Judicial District Court, Missoula County, dismissed William Larry Weaver's negligence complaint under the doctrine of *res judicata*. Weaver appeals. We affirm.

¶3 In April of 1998, Weaver was assaulted and injured by another inmate in the Missoula County Jail, where they both were incarcerated. Weaver filed a 42 U.S.C. § 1983 complaint in the federal district court for Montana, claiming his injuries were caused by the "deliberate indifference" of Deputies Mark Harris and Skidmore.

¶4 In March of 2000, the federal court entered judgment for the defendants. The court stated undisputed facts showed that the defendants moved Weaver away from known dangers in the jail each time they learned of a threat to him. In addition, there was nothing before the court to indicate the defendants had any actual knowledge of a substantial risk to which they knowingly exposed Weaver in the cell block where he was housed at the time of his injury. Therefore, the federal court granted the defendants' motion for summary judgment.

¶5    In this action, Weaver alleges his Missoula County Jail injuries were caused by the negligence of the same defendants named in his earlier federal lawsuit.  The defendants moved to dismiss on grounds that Weaver had an opportunity to raise his state law claim in federal court but failed to do so, resulting in a *res judicata* bar to the current action.  The District Court granted the motion to dismiss on that basis.

¶6    Whether the District Court correctly applied the doctrine of *res judicata* is a question of law.  Our standard of review is whether the District Court's interpretation of the law is correct. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶7    *Res judicata* prevents a party from relitigating a matter the party has already had an opportunity to litigate.  A claim is *res judicata* when (1) the parties are the same, (2) the subject matter of the claim is the same, (3) the issues are the same and related to the same subject matter, and (4) the capacities of the persons are the same in relation to the subject matter and the issues. *Loney v. Milodragovich, Dale & Dye, P.C.* (1995), 273 Mont. 506, 510, 905 P.2d 158, 161.  As to the third element of *res judicata*, a judgment is binding and conclusive between all parties to the suit as to all matters adjudicated *and all issues which could have been properly raised*, irrespective of whether the particular matter was in fact litigated. *Hall v. Heckerman*, 2000 MT 300, ¶ 16, 302 Mont. 345, ¶ 16, 15 P.3d 869, ¶ 16.

¶8    In determining that Weaver's state law negligence claim could have been raised in federal court, the District Court relied upon the doctrine of pendent jurisdiction.  Under that doctrine, when a

3

substantial federal claim derives from the same set of facts as state law claims, a federal court may exercise pendent jurisdiction over the state law claims after considering such factors as judicial economy, convenience and fairness to the litigants. *United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228.

¶9 Weaver contends the federal court implicitly refused to exercise pendent jurisdiction because federal courts "are averse to exercising pendent jurisdiction" and because there is a presumption that the federal court liberally construed the complaint. It is unknown, however, whether the federal court would have chosen to exercise pendent jurisdiction over Weaver's state law negligence claim, because Weaver did not present that claim for such a ruling in the federal court action. Arguably, the negligence claim could have been properly raised in the federal court.

¶10 Weaver also contends-without supplying any supporting reasoning or authority-that his claim that the defendants were deliberately indifferent is mutually exclusive from his claim that they were negligent. We have repeatedly held that we will not consider unsupported arguments and we are under no obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal. *See* Rule 23(a)(4), M.R.App.P.; *State v. Rodarte*, 2002 MT 317, ¶ 15, 313 Mont. 131, ¶ 15, 60 P.3d 983, ¶ 15.

¶11    We hold the District Court was correct in ruling that because Weaver failed to present his state law negligence claim in his federal action, *res judicata* bars him from raising the claim in this action.  Therefore, the District Court correctly granted the motion to dismiss.

¶12    Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JAMES C. NELSON