No. 03-377

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 351N

NICHOLAS J. MARKOVICH,

        Plaintiff and Appellant,

    v.

CENEX HARVEST STATES COOPERATIVES,
CENEX REFINERY AND PIPELINE OPERATIONS,
MARTIN PERCA, RICH FLANAGAN, RANDY MICHAEL
AND RUSS LOWE,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and for the County of Yellowstone, Cause No. DV 02-0822,
                      The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Nicholas J. Markovich (pro se), Laurel, Montana

        For Respondents:

        David A. Veeder, Jolane D. Veeder, Veeder Law Firm, Billings, Montana
        (For Cenex)

        John G. Crist, Ann-Marie McKittrick, Crist Law Firm, Billings, Montana
        (For Perca, Flanagan, Michael and Lowe)

Submitted on Briefs: October 9, 2003

Decided: December 18, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 Nicholas Markovich was injured during the course and scope of his employment with Cenex. He filed a Complaint in Montana's Thirteenth Judicial District Court, Yellowstone County, alleging intentional acts or omissions by all defendants and negligence on the part of Cenex. Cenex and the employees moved to dismiss the Complaint and the District Court granted the motions. Plaintiff appeals. We affirm the District Court.

¶3 Markovich raises several issues on appeal which we restate as follows: Did the District Court err when it dismissed Markovich's Complaint?

BACKGROUND

¶4 On September 22, 1999, Nicholas Markovich (Markovich) was injured while working for Cenex. Markovich alleges in his Complaint that on that day another employee was ordered to work above the spot where Markovich was working. According to Markovich, in order to save time no one erected a proper scaffolding or followed other safety rules regarding overhead workers in violation of federal law and plant rules. As Markovich was working, a 25-30 pound hydraulic torque wrench fell and hit him on the back of the neck and head. Markovich states that he suffered injuries including four crushed vertebrae in his neck

2

requiring a laminectomy, a collapsed disc in his lower back requiring major surgery, and a concussion.

¶5    Markovich filed a Complaint against his employer and several employees alleging intentional acts or omissions by all defendants and negligence on the part of Cenex. Markovich appeals from the District Court's Order dismissing his Complaint.

STANDARD OF REVIEW

¶6    We review a district court's decision on a motion to dismiss a complaint as a matter of law to determine whether the district court's interpretation of the law is correct. *Hall v. Heckerman*, 2000 MT 300, ¶ 12, 302 Mont. 345, ¶ 12, 15 P.3d 869, ¶ 12.

DISCUSSION

¶7    Did the District Court err when it dismissed Markovich's Complaint?

¶8    The District Court concluded that Markovich's claims regarding intentional acts were time barred and that his negligence claim was barred by the exclusivity provision of the Montana Workers' Compensation Act.

¶9    Generally, the exclusive remedy for a worker injured during the course and scope of his employment is found within Montana's Workers' Compensation Act. *See* § 39-71-411, MCA (1999).  Section 39-71-413, MCA (1999), does provide an exception, creating an additional cause of action against fellow employees when the injury is caused by intentional and malicious acts or omissions on the part of the fellow employees.  In this case, however, none of the facts alleged rise to this level.  Nothing in the Complaint suggests that Cenex or its employees acted in an intentional and malicious way. *See Sherner v. Conoco, Inc.*, 2000

3

MT 50, 298 Mont. 401, 995 P.2d 990. Therefore, without addressing the statute of limitations issue, we hold that Markovich's claim regarding intentional acts is without merit.

¶10    Furthermore, we hold that the District Court properly concluded that Markovich's negligence claim is barred by the exclusivity provisions of Montana's Workers' Compensation Act.

¶11    We affirm.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE